**ORIGINAL**

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

2009 APR 21 PM 4: 23

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

| | | |
|---|---|---|
| Long, Franklin E , Plaintiff | ) ) ) ) ) ) | Case No. 3:09 C V 00915 |
| -vs- | ) ) ) ) | Judge JUDGE ZOUHARY |
| Midland Credit Management, Inc. , Defendant | ) ) ) ) ) | COMPLAINT |

## COMPLAINT

COME NOW, the Plaintiff, Frank Long, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief, and Damages. In support thereof, Plaintiff shows unto the Court as follows:

### PARTIES

1. Plaintiff is a natural person residing within Hancock County, in the State of Ohio.
   Frank Long
   461 W Lytle St #130
   Fostoria, OH 44830
   (567) 245-0079

2. The Defendant, Midland Credit Management, Inc. is a business that uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.
   Midland Credit Management, Inc.
   C/O Corporation Service Company, Registered Agent
   200 S.W. 30th Street
   Topeka, KS 66611

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

4. Venue is proper, because many of the relevant events occurred within Hancock County in the State of Ohio, which is located within this District.

5. Defendant, by engaging in commerce in Hancock County in the State of Ohio, voluntarily placed itself under the jurisdiction of this Court.

6. Plaintiff's Federal and State Law claims against the Defendant derives from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendant.

7. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the Defendant's collection tactics in attempting to collect it, and the Defendant's refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the Plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

## FACTS

8. On October 2, 2007, Plaintiff received a collection letter from NCO Financial Systems, Inc. attempting to collect a debt from Capital One Bank in the amount of 826.93.

9. On October 11, 2007, Plaintiff sent a letter to NCO Financial Systems, Inc. requesting validation of the debt.

10. On April 16, 2008, Plaintiff received a telephone call. The caller stated that they were calling from "NCO." Plaintiff asked for the company name again and the caller hung up.

11. On April 17, 2008, Plaintiff received a telephone call. The caller stated that his name was "Tom" and stated the company name was "MCM." Plaintiff asked if the company had a "do not call" policy. The caller stated that he could not help and hung up.

12. On April 18, 2008, Plaintiff received another telephone call from a "Steve Marshall from Midland Credit Management." Plaintiff repeatedly asked for the company address and was told that the address was on the letter that was already sent. The caller stated that he was calling to collect a debt in the amount of $895.76 from Capital One. Plaintiff had to ask several questions numerous times and failed to receive answers. After the caller failed to answer several questions Plaintiff asked to speak to a supervisor and was refused numerous times.

13. On April 21, 2008, Plaintiff received the first collection letter that was dated April 17, 2008. Defendant's collection letter stated that the original creditor was Capital One and the current balance was $895.76. The collection letter stated that Defendant was offering 40% off "if we receive payment by 06-01-2008." Below that, Defendant states that once MCM receives payment they will notify the credit bureaus that the debt is paid in full with an asterisk for a footnote, and MCM will also immediately stop all recovery activity. At the end of the document there are two different asterisks. One states "No credit reporting will occur if the federal reporting period has expired, or we have not previously reported on this

account." The second refers to a mailing address to send correspondence relating to credit reporting.

14. Included in the first collection letter was a "Privacy Notice." The privacy notice had several statements about what information Defendant will collect and who they will share it with unless the debtor opted out of such disclosures in writing.

15. On April 23, 2008, Plaintiff sent a letter to Defendant requesting validation of the debt. The letter was received by Defendant on April 26, 2008.

16. Between the dates of May 5, 2008 and May 30, 2008, Defendant added collection accounts to the three major credit reporting agencies. The accounts were not marked as disputed and other information was incorrectly reported.

17. On May 30, 2008, Plaintiff disputed the accounts added by Defendant with TransUnion and Equifax. Defendant responded stating that the accounts were correct.

18. On June 9, 2008, Defendant sent a letter to Plaintiff acknowledging the dispute and requested documentation regarding the account.

19. Defendant sent four more collection letters with dates of June 13, 2008, January 8, 2009, February 19, 2009, and April 3, 2009.

20. Defendant updated the accounts with incorrect information each and every month from the initial reporting to the present.

21. From approximately September of 2008 until January of 2009, several of the accounts listed by Defendant were marked as disputed.

22. Since February 2008 every account listed by Defendant was not marked as disputed.

FIRST CLAIM FOR RELIEF
Violating the Fair Credit Reporting Act

23. All paragraphs of this Complaint are expressly adopted and incorporated as if fully set forth herein.

24. Defendant, which is a "furnisher" under the FCRA, violated the FCRA in numerous ways, including, but not limited to the following:

   A. Failure in the Defendant's duty to correct and update information,

   B. Failure in the Defendant's duty to provide notice of disputed information,

   C. Failure of the Defendant to provide notice to the Plaintiff after furnishing negative information to a consumer reporting agency,

   D. And failure to update Plaintiff's information upon notification of a dispute by a consumer reporting agency.

25. All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA.

26. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

### SECOND CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

28. Defendant, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

   A. Failure to mark the account as disputed,

    B. Communication with third parties without prior consent of the consumer given directly to the debt collector,

    C. Providing false and misleading representations,

    D. The use of unfair and unconscionable means to collect or attempt to collect a debt,

    E. Continued collections after receipt of notice of dispute of the debt,

    F. And continued collections by verifying the account after notification of the dispute.

29. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### Violations of the Ohio Consumer Sales Practices Act

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

31. Defendant, which is a "Supplier" under the OCSPA, violated the OCSPA in numerous ways, including, but not limited to the following:

    A. Failure to mark the account as disputed,

    B. Communication with third parties without prior consent of the consumer given directly to the debt collector,

    C. Providing false and misleading representations,

    D. The use of unfair and unconscionable means to collect or attempt to collect a debt,

    E. Continued collections after receipt of notice of dispute of the debt,

    F. And continued collections by verifying the account after notification of the dispute.

32. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this complaint. This includes

the initial reporting of the account, the handling of the investigations on the account, and all other aspects as set forth in this Complaint.

## RELIEF SOUGHT

33. Plaintiff re-alleges all prior allegations and requests FCRA violations in the amount of $24,000.00.

34. Plaintiff re-alleges all prior allegations and requests FDCPA violations in the amount of $1000.00.

35. Plaintiff re-alleges all prior allegations and requests OCSPA violations in the amount of $5000.00.

36. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses.

37. Plaintiff also requests all further relief to which he is entitled, whether of a legal or equitable nature.

Frank Long, Pro Se
461 W Lytle St #130
Fostoria, OH 44830
(567) 245-0079