**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| FRANKLIN E. LONG, | ) | CASE NO.  3:09 CV 00915 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JACK ZOUHARY |
| vs. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | <u>ANSWER OF MIDLAND CREDIT</u> |
| INC., | ) | <u>MANAGEMENT, INC. TO</u> |
| | ) | <u>COMPLAINT</u> |
| Defendant. | ) | |

Defendant Midland Credit Management, Inc. ("Midland") for its Answer to the Complaint of Plaintiff Franklin E. Long ("Plaintiff") states as follows:

1.      Midland is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2.      Midland admits the allegations set forth in Paragraph 2 of the Complaint.

3.      Midland admits that this Court has jurisdiction over the claims raised in the Complaint.  Further answering, Midland denies the remaining allegations set forth in Paragraph 3 of the Complaint.

4.      Midland is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies the same.

5.      Midland admits Paragraph 5 of the Complaint to the extent the Court has jurisdiction over this matter.  Further answering, Midland denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.     Midland is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7.     Midland is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

8.     Midland is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same.

9.      Midland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same.

10.     Midland is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11.     Midland is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12.     Midland admits that it made collection calls to Plaintiff on various dates.  Further answering, Midland denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.     Midland admits that it sent Plaintiff a collection letter dated April 17, 2008. Further answering, Midland states that the April 17, 2008 collection letter speaks for itself.

14.     Midland states that the collection letter speaks for itself.

15.     Midland admits that it received correspondence from plaintiff on or about April 28, 2008.  Further answering, Midland states that such correspondence speaks for itself.

16.     Midland admits that it reported Plaintiff's account to the major credit reporting agencies.  Further answering, Midland denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17.     Midland is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff disputed the accounts added by Defendant with TransUnion

and Equifax" and therefore denies the same.  Further answering, Midland denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18.     Midland admits that it sent a letter to Plaintiff on or about June 9, 20098.  Furhter answering, Midland states that the letter speaks for itself.

19.     Midland admits the allegations set forth in Paragraph 19 of the Complaint.

20.     Midland denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Midland admits the allegations set forth in Paragraph 21 of the Complaint.

22.     Midland is in the process of investigating the allegations set forth in Paragraph 22 of the Complaint and can neither admit nor deny such allegations as this time.

23.     Midland reasserts and incorporates the responses set forth in Paragraphs 1 through 22.

24.     Midland admits that it is a "furnisher" under the FCRA.  Further answering, Midland denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25.     Midland denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Midland denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Midland reasserts and incorporates the responses set forth in Paragraphs 1 through 26.

28.     Midland admits that it is a debt collector under the FDCPA.  Further answering, Midland denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29.     Midland denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Midland reasserts and incorporates the responses set forth in Paragraphs 1 through 29.

31.     Midland admits that it is a "supplier" under the OCSPA.  Further answering, Midland denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32.     Midland denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Midland reasserts and incorporates the responses set forth in Paragraphs 1 through 32.

34.     Midland reasserts and incorporates the responses set forth in Paragraphs 1 through 33.

35.     Midland reasserts and incorporates the responses set forth in Paragraphs 1 through 34.

36.     No response is required to Paragraph 36 of the Complaint.

37.     No response is required to Paragraph 37 of the Complaint.

## AFFIRMATIVE DEFENSES

38.     The Complaint fails to state any claims against Midland upon which this Court may grant relief.

39.     Plaintiff's injuries and/or damages and/or expenses, if any, were the direct and proximate result of their own acts, omissions, negligence, fault and/or breach.

40.     Plaintiff's claims are barred by the doctrine(s) of assumption of the risk, estoppel, waiver, release, fraud, unclean hands, and/or laches.

41.     Plaintiff's injuries and/or damages and/or expenses, if any, were the direct and proximate result of the acts, omissions, negligence, fault or breach of persons and/or parties other than Midland that caused or contributed to cause all, or a portion, of the claimed damages or liability, barring recovery or liability against Midland in whole or in part.

42.     Plaintiff's injuries and/or expenses, if any were caused solely by the superseding, intervening acts  and conduct of Plaintiff and/or other persons or parties, which intervened between the alleged acts and conduct of Midland  and the claimed damages or liability, barring recovery or liability against Midland in whole or in part.

43.     Plaintiff's claims of damages or liability are barred in whole or in part by their failure to mitigate such damages.

44.     Plaintiff's claims of damages or liability are barred in whole or in part by the limitations imposed by law as to the recovery of such damages.

45.     Plaintiff's claims of damages or liability are the result of the fraudulent or wrongful actions or omission of persons or parties other than Midland, over whom Midland had no authority or control.

46.     Any communications between Plaintiff and Midland after the Note and Mortgage were executed constituted reasonable action to pursue a debtor and to encourage payment of a debt.

47.     Plaintiff's claims of damages or liability are barred in whole or in part by the applicable statutes of limitation, statutes of repose and other statutes relevant to the limitation of actions.

48.     Plaintiff's claims of damages or liability are barred in whole or in part by the doctrines of ratification, consent and acquiescence.

49.     If there was a violation of the FDCPA, none being admitted, it was unintentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

50.     Midland specifically asserts by this reference all statutory limitations and defenses to liability and damages afforded to Midland under the FDCPA.

51.     If there was a violation of the FCRA, none being admitted, any acts done or omitted were in good faith in conformity with applicable rules, regulations, and/or interpretations thereof.

52.    Plaintiff's claims of damages or liability based on information Midland furnished consumer reporting agencies about Plaintiff is barred, in whole or part, by the limitation of actions set forth in 15 U.S.C. § 1681s-2(c) and (d).

53.    Plaintiff's claims of damages or liability related to information Midland furnished consumer reporting agencies about Plaintiff is barred in whole or part, by 15 U.S.C. § 1681s-2(b), because Plaintiff has not given any consumer reporting agency notice of a dispute in the manner required by U.S.C. § 1681i.

54.    Any claimed damages are subject to setoff or credit under law and equity or on other applicable grounds.

55.    Imposition of punitive damages against Midland in the amount and under the circumstances alleged in the Complaint would violate Midland's rights under the Ohio and United States Constitutions, including Midland's due process rights.

56.    Midland reserves the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

Respectfully submitted,

/s/ *Brooke Turner Bautista*
James S. Wertheim (0029464)
Brooke Turner Bautista (0072364)
**McGlinchey Stafford PLLC**
25550 Chagrin Blvd., Suite 406
Cleveland, OH  44122
Phone:  (216) 378-9905
Fax:  (216) 378-9910
jwertheim@mcglinchey.com
bbautista@mcglinchey.com

*Counsel for Defendant*
*Midland Credit Management, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Answer of Midland Credit Management, Inc. to the Complaint* was served this 3rd day of September, 2009 by regular U.S. Mail, postage prepaid, upon:

Franklin E. Long
461 W. Lytle St., #130
Fostoria, OH  44830

*Pro Se Plaintiff*


/s/ *Brooke Turner Bautista*
Brooke Turner Bautista