IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**Franklin E. Long,**  Case No. **3:09CV915**

          Plaintiff,  NOTICE
<u>CASE MANAGEMENT CONFERENCE</u>

-vs-

Magistrate Judge Vernelis K. Armstrong

**Midland Credit Management, Inc.,**

          Defendant.

This case is subject to the provisions of Local Civil Rule 16.1 of the Northern District of Ohio entitled "Differentiated Case Management" (DCM).

Counsel are expected to familiarize themselves with any applicable Local Civil Rules and Federal Rules of Civil Procedure.

On evaluation of the case, it shall be assigned in accordance with LCivR 16.1 to one of the case management tracks defined in LCivR 16.2(a). Each track (expedited, standard, complex, mass tort and administrative) has its own guidelines and time lines governing discovery, motion practice and trial.

Unless otherwise ordered, discovery shall be guided by LCivR 26.1 *et seq.* and motion practice shall be guided by LCivR 7.1 *et seq*.

Revised: June 2009

**SCHEDULING OF CASE MANAGEMENT CONFERENCE**

The Case Management Conference (CMC) shall be held on **October 9, 2009,** at **10:00 a.m.** before Magistrate Judge Vernelis K. Armstrong, in Room 318, Ashley Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

If prior to the CMC, the parties have engaged in settlement discussions, or anticipate or desire doing so at the CMC, counsel should notify Chambers at 419-213-5580, so that either sufficient time will be available on the date for the CMC, as set herein, or another date and time for the CMC can be set.

Local Rule 16.3(b) requires the attendance of both parties and lead counsel. "Parties" means either the named individuals or, in the case of a corporation or similar legal entity, a person who is familiar with the case. If the presence of a party or lead counsel will constitute an undue hardship, counsel should file a motion to excuse appearance of a party or counsel at least three (3) days prior to the conference to request participation by telephone.

**TRACK RECOMMENDATION**

Pursuant to LCivR 16.2(a), and subject to further discussion at the CMC, the Court recommends the following track: Standard.

**APPLICATION OF FEDERAL CIVIL RULE 26(a)**

Rule 26(a) mandates required disclosures in lieu of discovery requests unless otherwise stipulated or directed by order of the court or by local rule. In this case, all disclosures mandated by Rule 26(a) shall apply, including Initial Disclosures, Expert Testimony, and Pre-Trial Disclosures. If not exchanged not later than ten days before the CMC, the disclosure shall occur on or before a date agreed to by all counsel. Failing agreement, the date for disclosures will be set at the CMC.

Prior to the CMC, parties may undertake such informal or formal discovery as mutually agreed. Absent such agreement, no preliminary formal discovery may be conducted prior to the CMC except as necessary and appropriate to support or defend against any challenges to jurisdiction or claim for emergency, temporary, or preliminary relief, or as may otherwise be ordered on motion.

Local Civil Rule 30.1 governs the conduct of depositions. Counsel shall comply with this Rule.

### PREPARATION FOR CMC BY COUNSEL

The general agenda for the CMC is set by LCivR 16.3(b).

Counsel for plaintiff shall arrange with opposing counsel to hold the meeting required by Fed. R. Civ. P. 26(f) and LCivR 16.3(b). A Report, in substantially the form of Attachment 1, shall be filed electronically at least three days before to the CMC.

### FILING OF DISCOVERY MATERIALS

Unless otherwise ordered, initial disclosures, discovery materials shall not be filed with the Clerk, except where submitted as evidence in support of a motion or for use at trial.

GERI M. SMITH,
Clerk of Court

 /s/Pamela A. Armstrong
Courtroom Deputy for
Magistrate Judge Vernelis K. Armstrong

**ATTACHMENT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

_____,

           Plaintiff,

-vs-

_____,

           Defendant.

Case No.

REPORT OF PARTIES'
<u>PLANNING MEETING</u>

JUDGE

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on _____ _____, and was attended by:

_____ Counsel for Plaintiff(s) _____

_____ Counsel for Defendant(s) _____

2. The parties:

\_\_\_\_\_ Have exchanged the pre-discovery disclosures required by Rule 26(a)(l) and the Court's prior order; or

\_\_\_\_\_ Will exchange such disclosures by _____

3. The parties recommend the following track:

\_\_\_\_\_ Expedited     \_\_\_\_\_ Standard     \_\_\_\_\_ Complex

\_\_\_\_\_ Administrative     \_\_\_\_\_ Mass Tort

Revised: June 2009

    4.    This case \_\_\_\_ is / \_\_\_\_ is not suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

    \_\_\_\_\_ Early Neutral Evaluation      \_\_\_\_\_ Mediation      \_\_\_\_\_ Arbitration

    \_\_\_\_\_ Summary Jury Trial      \_\_\_\_\_ Summary Bench Trial

    5.    The parties \_\_\_\_\_ do / \_\_\_\_\_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

If you are consenting to the jurisdiction of the United States Magistrate Judge, please contact the Judge's Chambers (_____) prior to the Case Management Conference. A Consent to the Exercise of Jurisdiction will then be issued for signature by all parties and the case will be sent to the Magistrate Judge for the Case Management Conference and all further proceedings.

    6.    The parties agree that this case \_\_\_\_\_ does / \_\_\_\_\_ does not involve electronic discovery.

    7.    Recommended Discovery Plan (Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules):

    (a)    Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems: _____

_____

_____

    (b)    Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.):

_____

_____

_____

  (c)  Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions): _____

_____

_____

  (d)  Discovery Deadlines:

    (i)  Liability:  _____

    (ii)  Damages:  _____

8. Recommended dispositive motion date: _____

9. Recommended cut-off for amending the pleadings and/or adding additional parties:

        _____

10. Recommended date for status hearing and/or final pretrial settlement conference:

        _____

11. Other matters for the attention of the Court: _____

_____

_____

      Attorney for Plaintiffs:  __s/_____

      Attorney for Defendants:  __s/_____

Revised: June 2009